UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEONARD P. SICURELLA, et al., | |
| Plaintiff, | Civil No. 11-6717 (PGS) |
| v. | **MEMORANDUM AND ORDER** |
| O.C.D.O.C., et al., | |
| Defendants. | |

It appearing that:

1. On November 14, 2011, the Clerk of the Court docketed the instant Complaint. The Complaint names six persons as Plaintiffs in this matter: Leonard P. Sicurella, Jeffrey Kampe, Sean K. Sweeney, Michael Moretti, Jeffrey Hibberd, and Stan J. Kilmartin; but the Complaint is unsigned and undated. See Docket Entry No. 1.

2. No filing fee was received on behalf of any plaintiff.

3. The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis. Under the Act, a prisoner bringing a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay

1

the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. Id.

4. A "Declaration in Support of Request to Proceed In Forma Pauperis" was submitted apparently on behalf of all six Plaintiffs was signed by all six Plaintiffs. That document did not include any financial information specific to any of the Plaintiffs. See Docket Entry No. 1-1. A Resident Account Summary was attached for Sicurella and Kilmartin only. However, the statements did not provide account information for the correct time period.

3. Since no Plaintiffs signed the Complaint, and since no Plaintiffs have paid the filing fee or submitted a properly completed application to proceed in forma pauperis, this Court has no certainty that all named Plaintiffs intend to incur the financial responsibility and legal consequences associated with initiation of this action. See Fed. R. Civ. P.11(a)(requiring each plaintiff to sign the complaint); 28 U.S.C. § 1914(a)(the filing fee for a civil rights complaint it $350.00); 28 U.S.C. § 1915(b)(if the prisoner is granted permission to file the complaint in forma pauperis, then the

    Court is required to assess the $350.00 filing fee against the prisoner and collect the fee); Hagan v. Rogers, 570 F.3d 146 (3d Cir. 2009)(litigants proceeding as joint plaintiffs are subject to $350.00 assessment each if they proceed in forma pauperis); Hairston v. Gronolsky, 348 Fed. App'x 716 (3d Cir. 2009)(regardless of the litigant's willingness or unwillingness to be assessed the filing fee, the litigant's "legal obligation to pay the filing fee [is automatically] incurred by the initiation of the action itself").

4.    The Court, however, cannot rule out the possibility that any/all Plaintiff(s) named in the Complaint might wish to prosecute his/their own claims and would be able to file amended complaints detailing the specific facts which each Plaintiff bona fide believes to be indicative of his rights being violated.

    THEREFORE, it is on this 23rd day of February 2012;

    ORDERED that the Complaint, Docket Entry No. 1, is DISMISSED. Such dismissal is without prejudice to Plaintiffs' filing of individual amended complaints which conform to the Federal Rules of Civil Procedure; and it is further

    ORDERED that the Clerk shall terminate all Plaintiffs in this matter, except for Leonard P. Sicurella; and it is further

    ORDERED that the Clerk shall administratively terminate this matter, subject to reopening in the event Leonard P. Sicurella

submits, within 45 days from the date of entry of this Order, his signed amended complaint asserting his own challenges, together with his filing fee of $350.00 or with his duly executed <u>in forma pauperis</u> application; and it is further

ORDERED that the Clerk shall open five new matters for the additional Plaintiffs: Jeffrey Kampe, Sean K. Sweeney, Michael Moretti, Jeffrey Hibberd, and Stan J. Kilmartin. <u>See</u> <u>Complaint</u> at 1. Each new matter shall designate each of these individuals as "Plaintiff" in his respective new matter and "O.C.D.O.C.," "Warden Hutler," and "O.C. Board of Freeholders" as "Defendants" in each of these new matters; and it is further

ORDERED that the Clerk shall docket the instant Complaint, Docket Entry No. 1, in each such new matter; and it is further

ORDERED that the Clerk shall designate, in each such new matter, "Cause:42:1983 Prisoner Civil Rights" and "Jurisdiction: Federal Question"; and it is further

ORDERED that the Clerk shall administratively terminate each of these newly opened matters, subject to reopening in the event the Plaintiff designated in the matter submits, within 45 days from the date of entry of this Order, his signed amended complaint stating the Plaintiff's individual claims and designating appropriate defendants with regard to those claims. Each such submission should be made together with the Plaintiff's

filing fee of $350.00 or his duly executed in forma pauperis application; and it is further

ORDERED that the Clerk shall serve copies of this Order upon all Plaintiffs by regular U.S. Mail. Each such mailing shall include a blank civil complaint form and blank in forma pauperis application form for litigants seeking to file a civil complaint for use by a prisoner; and it is further

ORDERED that each of the Clerk's mailings to Plaintiffs (excluding Sicurella) shall also include a copy of the docket sheet of the new matter opened for that particular Plaintiff; and it is finally

ORDERED that no statement made in this Order shall be construed as expressing this Court's opinion about either procedural or substantive validity (or invalidity) of the claims that might be alleged by any Plaintiff referred to in this Order.

       s/*Peter G. Sheridan*
      PETER G. SHERIDAN, U.S.D.J.

February 23, 2012